**In re PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE, Debtor.**

**Bankruptcy No. 88–43.**

United States Bankruptcy Court,
D. New Hampshire.

Feb. 9, 1990.

See also, 108 B.R. 854.

Richard Levin, for Public Service Co.

Richard C. Gagliuso, Nashua, N.H., for Unsecured Creditors Committee.

Howard J. Barman, Trenton, N.J., for Equity Committee.

Mark W. Vaughn, Harold T. Judd, for State of N.H.

Susan N. Kenneally, for U.S. Trustee.

John B. Nolan, Jeffrey G. Grody, Hartford, Conn., for Northeast Utilities Service Co.

Paul Gioia, Examiner, George A. Hahn, New York City, for Examiner.

Barbara J. Gould, New York City, for CUC and Citicorp.

Robert C. Richards, for Robert C. Richards and Martin Rochman.

## ORDER DENYING SUMMARY REJECTION OF PLAN

JAMES E. YACOS, Bankruptcy Judge.

This matter came on for a hearing on February 2, 1990 upon the Motion of Martin Rochman and Robert Richards, two common stockholders of the debtor, for an Order Summarily Rejecting the Plan of Reorganization. The Motion in question was filed on January 12, 1990. All parties present having been heard, and the court having reviewed the pleadings and the record, the court hereby denies said Motion on the following grounds:

1. This chapter 11 case was commenced by a voluntary petition filed on January 28, 1988. The unique nature and complexity of this case of a debtor that is a regulated monopoly electric utility company has been set forth in prior opinions of this court. See, e.g., *In re PSNH*, 88 B.R. 521 (Bankr. D.N.H.1988); *In re PSNH*, 88 B.R. 546 (Bankr.D.N.H.1988); *In re PSNH*, 99 B.R. 155 (Bankr.D.N.H.1989).

2. Following a long and tortious process this case in September of 1989 had plans of reorganization filed by multiple, competing plan proponents. Then, under a series of procedural orders entered by the Court, there commenced a grueling sequence of hearings in November and December of 1989 consuming more than ten trial days resulting in an order entered December 8, 1989 approving a disclosure statement on a joint plan of reorganization. A further procedural order then was entered on January 3, 1990 setting forth requirements for mailing the disclosure materials to creditors and stockholders, for voting on the plan, and for a confirmation hearing to commence on April 4, 1990.

3. Procedurally, there is no basis in the Bankruptcy Code, the Bankruptcy Rules, or any case law for a reorganization court to summarily reject a plan, whose

disclosure statement has been approved, prior to the full confirmation hearing when all parties in interest can be heard.

4. The motion is really arguing that common stockholders would do better by rate case litigation with the State of New Hampshire rather than under the present plan based on a compromise. That is another way of saying that the "best interests" test of 11 U.S.C. § 1129(a)(7) has not been met. That question is properly an issue for determination at the confirmation hearing.

5. The argument that the plan is "confiscatory" is not meaningful in a bankruptcy reorganization proceeding. Whether common stockholders are entitled to more or not is a question of the value of the enterprise. If the value is insufficient to reach lower classes they generally can not participate under a Chapter 11 plan absent consent by senior classes. Whether the compromise embodied in the present plan is fair to stockholders will be determined at the confirmation hearing under Chapter 11 of the Bankruptcy Code and the relevant case law.

DONE and ORDERED.